COX *v.* COMMON COUNCIL OF THE CITY OF JACKSON.

1. INTOXICATING LIQUORS — LICENSES — REVOCATION — GROUNDS — MUNICIPAL ORDINANCE—CONSTRUCTION.

   Where a municipal ordinance providing for the licensing of saloons provides that two convictions of the license holder for violation of the ordinance, or of "the State law," or one conviction of violation of the ordinance and one of "the State law," shall be ground for a revocation of the license, the State law referred to is the State law or laws governing the business of selling liquors; and a conviction for violating a State law other than the law relating to the business of liquor selling cannot be made the ground of revocation under the ordinance.

2. SAME—MUNICIPAL LICENSE—APPLICATION—CONSTRUCTION.

   Where a municipal ordinance providing for the licensing of saloons provides that the application for a license shall contain an agreement by the applicant that if he is convicted of certain violations of the law such convictions shall be grounds for revocation of the license and of debarring the applicant from thereafter conducting the business in the city, the application is no broader than the ordinance, and no convictions will be grounds for refusing a subsequent license that would not be grounds for a revocation of the license under the ordinance.

3. MANDAMUS—DEFENSES—QUESTIONS CONSIDERED.

   Where a mandamus is sought to compel a city council to approve relator's bond and grant him a license to sell liquors, and the council has not refused to act in relator's favor upon any ground other than that his previous license was revoked and he agreed that, if it was revoked, he should be debarred from conducting a saloon, and it appears that the revocation relied upon was unauthorized, respondent is not entitled to urge, in support of its refusal to act, that in view of its knowledge of the violations of the law by relator, admitted by his petition, it had the right to refuse him a license.

4. JUDGMENT — RES ADJUDICATA — MATTERS CONCLUDED — JUDGMENT ON CERTIORARI.

   The common council of the city in which relator's saloon is situated assumed to revoke his license under the terms of the ordinance under which it was granted, because he had been

convicted of a violation of the ordinance and of the State law within the year; and on certiorari the circuit court determined that it was unnecessary to decide whether the conviction under the State law was under the State law contemplated by the ordinance, holding that the council had the right to revoke his license under its charter, and dismissed the writ; subsequently the council refused to renew his license on the ground of the revocation based on the previous convictions and relator brought mandamus to compel it to approve his bond and grant him a license. *Held*, that the judgment on certiorari was not conclusive of the question whether the convictions were such as were contemplated by the ordinance, the court not having decided that question.

5. INTOXICATING LIQUORS — LICENSE — APPLICATION — DETERMINATION—DUTY OF COUNCIL.

Where a saloon keeper tenders his application for a license, in conformity with the ordinance of the city, and tenders his bond, in conformity with the statute, he is entitled to have them considered by the common council of the city at an early date, and approved or disapproved, and in case of disapproval, to be given reasons therefor.

6. SAME—MANDAMUS—WHEN ISSUED.

A peremptory writ of mandamus will not issue to compel a city council to approve a saloon keeper's bond and grant him a license, though it has refused to do so on untenable grounds, it being presumable that a writ will not be required to secure performance of the duty pointed out of considering relator's application on its merits, though a writ will be granted in case of delay.

Mandamus by John Cox to compel the common council of the city of Jackson to approve a liquor bond and grant a license. Submitted April 28, 1908. (Calendar No. 22,833.) Writ denied conditionally May 5, 1908.

*Forrest C. Badgley* and *Verne W. Badgley*, for relator.

*T. E. Barkworth* and *John F. Henigan*, for respondent.

By its charter the common council of the city of Jackson may pass ordinances (Act No. 399, Local Acts 1905, title 6, section 17, subds. 13, 34):

· "To regulate and license all taverns and houses of public entertainment, all saloons and eating houses.   *   *   *

"To restrain and regulate saloons and to prescribe the location thereof."

Section 18:

"The council may prescribe the terms and conditions upon which licenses may be granted, and may exact and require payment of such reasonable sum for any license as they may deem proper. The persons receiving the license shall, before the issuing thereof, execute a bond to the corporation in such sum as the council may prescribe, with one or more sufficient sureties, conditioned for a faithful observance of the charter of the corporation and the ordinances of the common council, and otherwise conditioned as the council may prescribe. Every license shall be revocable by the council at pleasure, and when any license shall be revoked for noncompliance with the terms and conditions upon which it was granted or on account of any violation of any ordinance or regulations passed or authorized by the council, the person holding such license shall, in addition to all other penalties imposed, forfeit all payments made for such license, and no new license for the same purpose shall be granted to such person for one year thereafter."

An ordinance of the city, known as the "Bryer's Ordinance," was adopted by the common council March 4, 1907.  Its title is:

"An ordinance relative to licensing saloons, limiting the number thereof, prohibiting boxing, dancing and stalls therein; also prohibiting gambling devices, disturbances, and classing certain drug stores and hotels as saloons."

By the terms of this ordinance, every person desiring to run or operate a saloon in the city is required to make application in writing to the city recorder, stating the street and number, and location of the saloon where the business for which the license asked for is proposed to be carried on, and the application must be accompanied by a written recommendation signed by at least three reputable and respectable citizens of the city, certifying that the applicant is well known to them and is well qualified to keep a

saloon, and has a good reputation and moral character. A nominal license fee of $1 is required, and, when that sum has been paid to the city treasurer and receipt taken therefor and exhibited to the city recorder, that officer issues a license, "if the application shall have been approved and granted by the common council." It is required that the application for the license shall contain an express provision and agreement, signed and executed by the applicant, that if a license be issued and he shall be convicted more than once in one year of a violation of the ordinance and more than once in one year "of a violation of the State law," or shall be convicted once in any year of a violation of the State law and in the same year of a violation of the ordinance, such conviction shall be a sufficient reason for revoking the license and for debarring the applicant from thereafter conducting a saloon in the city of Jackson. It is made the duty of the common council if there is more than one conviction in any one year of a license holder for a violation "of the State law governing the sale of liquor at retail," or of more than one conviction for a violation of the ordinance, or in the case of one conviction for a violation of the State law, and one conviction for a violation of the ordinance within the same year, to give the license holder at least a five days' notice in writing of the time and place of hearing when the common council shall determine whether the license shall be revoked.

"If, after hearing the proofs, said common council shall find that said applicant and licensee has been convicted either of a violation of the State law twice within one year or of a violation of this ordinance or the ordinance which it amends, twice in one year, or that said applicant has been convicted once of a violation of the State law within one year and once of a violation of this ordinance * * * then said common council shall, by resolution, revoke the license of said applicant and licensee and a majority vote of said council shall be sufficient for that purpose."

John Cox has for a number of years conducted the

business of selling spirituous, malt, brewed, and fermented liquors at retail in the city of Jackson in a building owned by himself. Some time prior to May 1, 1907, and after the ordinance above mentioned as amended was in force, he made the application required by the ordinance, filed his retail liquor dealer's bond, which was approved by the common council, received his license, and continued his business. In November of that year he was notified to appear before the common council and show cause why his license should not be revoked. The notice set out that after May 1, 1907, he had been convicted of a violation of the ordinance in question, and had also been convicted in the circuit court for the county of Jackson "of a violation of the State law." He appeared before the common council, and after hearing proofs it was found that he had been convicted once of a violation of the ordinance and once "of a violation of the State law," and a resolution revoking his license was duly passed, and the chief of police directed to close his business, unless he should within 30 days apply to the courts, "and, if said Cox apply to the circuit court, he is allowed to remain open pending the decision of the case in the circuit court."

The violation of the ordinance for which he was convicted was for having a show in his saloon, of which he was convicted May 16, 1907. The conviction under the State law was for keeping a house for the resort of prostitutes; the record of his conviction being made November 4, 1907. He applied to the circuit court for the county of Jackson for a writ of certiorari to review the action of the common council, and that court determined and held that under certain provisions of the charter of the city, the common council had the right and power to revoke the license, if a license had been issued, and, further, that whether he had been twice convicted within the meaning of said ordinance was a question unnecessary to be determined, expressing a doubt whether the convictions herein referred to were, under the terms of said ordinance, ground

for forfeiting the license.   It is assumed, perhaps without warrant, that the writ of certiorari was dismissed.   Cox's place of business was not closed, and at the time of making his application to this court he was still conducting his business.   On the 7th day of April, 1908, he filed with the city recorder of the city of Jackson an application for a license to carry on his business for the year beginning May 1, 1908, the application in form complying with the terms of the ordinance.   He also filed the statutory liquor dealer's bond.   The application and bond were referred to a committee, and that committee on the 20th of April reported to the common council:

"In the case of John Cox, your committee find that he signed an application a year ago in which he agreed that if his license were revoked that he should be debarred from conducting a saloon in the city of Jackson, and your committee find his license was revoked, and that he is not for that reason entitled to a license, and they therefore recommend that his license be rejected."

The common council thereupon adopted a resolution, of which the following is the part important here:

"In the case of Joseph Schultz and John Cox, that licenses be refused and their bonds be not approved for the reasons mentioned in the report of your committee on file with the recorder and this day adopted by the common council."

John Cox applied to this court for a writ of mandamus to the common council of the city of Jackson, requiring it to approve his bond and grant his application for a license, and, upon a showing of exigencies, an order to show cause was issued and an answer has been filed.   Without here setting out the numerous objections made to the validity of the ordinance and to the force and effect of the alleged revocation of the license, it will be sufficient to refer to such of them as it seems important to discuss.

Ostrander, J. (*after stating the facts*).   We have no doubt that the ordinance in referring to a conviction of a license holder under the State law was intended to

mean, and means, the law or laws governing the business of selling liquors. Any other meaning would make the provisions of the ordinance insensible. The ordinance does not say "a State law." The words employed in various places in the ordinance are "the State law," and in one portion of the ordinance which has been set out, and in the same connection, express reference is made to the liquor law. It follows that a single conviction for violating the ordinance and a single conviction within the same year for violating some State law, other than the law governing the sales of liquors, would not, under the terms of the ordinance, make a case for revoking the license. It also follows that, whatever the effect of the agreement of the applicant may be otherwise found to be, it is in terms an agreement no broader than the ordinance. We have not before us the particular reasons given by the court in the certiorari proceedings referred to for holding that the common council had the right to revoke the license for other reasons than those expressed in the ordinance. It is urged in the brief for the respondent that, so far as the license now applied for is concerned, the common council had the right, in view of its knowledge of the violations of law admitted by the petition, to decline to recommend the fitness of the applicant to conduct the business and the right to refuse a license. We think the respondent may not urge here in support of the action taken by it a reason based upon the asserted premises, although the reason asserted may be one affecting the discretion of the court in granting or refusing a peremptory writ of mandamus. It has not refused a license and has not refused to approve the bond for any reasons other than that petitioner's license of 1907 was revoked, and that he agreed that, if it was revoked, he should be debarred from conducting a saloon. The common council found that his license had been revoked, and that for that reason he was not entitled to a license. As has been shown, the ground upon which the common council revoked the license was that the respondent had been, within the terms of the ordinance, convicted of two violations

of the law. That is the ground of the ordinance. We reach the conclusion that two violations of law within the meaning of the ordinance were not shown, and, unless petitioner is concluded upon the subject, no valid reasons were assigned by the common council for refusing the present application for a license and the approval of petitioner's bond. If petitioner is concluded, it is because he is bound by the finding and determination of the court in the certiorari proceeding which he instituted for the purpose of vacating the determination and order of the common council. Clearly he is not concluded. The former action of the common council was predicated upon the terms of the ordinance and upon certain declared facts. It was an attempted revocation of a license in enforcement of the ordinance. The case made did not meet the requirement of the ordinance. The court did not determine that it did. The action of the common council which is now complained of is based upon its former action and upon the Bryer's ordinance.

We are not, however, required to grant a peremptory writ of mandamus. Petitioner has tendered his application for a license, in conformity with the ordinance, and has tendered his bond, in conformity with the statute. He is entitled to have them considered by the common council at an early date, and approved or disapproved. If disapproved, reasons should be given. The previous action, declaring the former license to be revoked, is not of itself ground for refusing approval. If a license is refused, we may assume that it will be because of facts to be found and not now appearing. We think the court should not anticipate the action which will be taken. It is not likely that the mandate of this court will be required to secure the performance of the duty pointed out.

Petitioner will be given the writ in case of delay. No costs are awarded.

Hooker, Moore, Carpenter, and McAlvay, JJ., concurred.